George A. Follansbee, Trustee, Appellee, v. John C. Outhet, Jr. et al.

On Appeal of John C. Outhet, Jr. by L. L. Barth, Guardian, Appellant.

Gen. No. 17,940.

1. TRUSTS, § 211*—*what may be considered in determining a trustee's compensation.* While a trustee of an estate is not entitled to an allowance for strictly legal services, he is entitled to compensation for his labor, care and responsibility, and in deter-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

mining what is just compensation the court may take into consideration the fact that he is an able and experienced lawyer.

2. TRUSTS, § 211*—*how a trustee's compensation is determined.* The reasonable compensation of a trustee depends largely on the circumstances of each case, and in determining the amount the responsibility incurred, the amount of the estate and the time and labor devoted to the discharge of his duties may be considered.

3. TRUSTS, § 218*—*what amount of compensation is proper.* *Held* that the discretion of the court in fixing a trustee's compensation at $17,500, where an estate worth about $600,000 was involved, and where the services covered a period of about two years and a half, would not be disturbed.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

HERRICK, ALLEN & MARTIN and FRANK E. HARKNESS, for appellant.

FOLLANSBEE, McCONNELL & FOLLANSBEE and FRED BARTH, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Reuble M. Outhet died testate September 18, 1907. His residuary estate amounted to upwards of $650,000 and consisted in part of a lot and building at the corner of Madison and Franklin streets, known as the Commercial Building, valued at $435,000, and of a building on Franklin street valued at $100,000. By his will the testator gave to certain persons legacies amounting to $31,000 and gave the residue of his property to appellee Follansbee to hold on certain trusts until testator's grandson, John C. Outhet, Jr., if he survived his father, John C. Outhet, reached the age of forty years, when five-tenths of the trust estate was to be conveyed and transferred to him and the remainder converted into money and distributed, in certain specified proportions, among the appellees, who, with said John C. Outhet, Jr., were made defendants to the bill filed by

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

the trustee.    The will provided that in case of the
death of George A. Follansbee, three persons therein
named should execute the trust, ''and they shall there-
upon be invested with the same title and with as full
power and authority as my said trustee, George A.
Follansbee, is hereby vested with; and in case of any
of their deaths before the expiration of this trust, I
hereby direct that any court of competent jurisdiction
of this county may appoint a new trustee in the place
of such deceased trustee aforesaid.

14.    I hereby direct that there shall be paid to my
said trustee, or his successors in trust, a reasonable
compensation for his or their services in connection
with the duties to be performed hereunder, the amount
thereof to be fixed from time to time by any court hav-
ing jurisdiction of such matters.''    The purpose of the
bill was to settle the trustee's accounts and have his
compensation fixed from the death of Reuble M. Outhet
to April 17, 1910.    The decree ordered:    ''That $17,-
500 should be allowed the trustee in full payment of all
the services to the trust estate, including all expenses
for office rent, clerical and other assistance, stationery,
postage and expenditures that he has not charged up
to the estate, and which do not appear upon his ac-
counts filed in court, for the period from September 18,
1907, to April 17, 1910.''

The court by the decree found that the trustee had
taken from the trust estate $300 per month, which he
estimated would cover the cash outlays which he was
obliged to make on account of the estate; ordered that
said sums, amounting to $9,300, be deducted from said
sum of $17,500; found that the amount still due the
trustee for services was $8,200, and decreed that the
trustee pay to himself said sum of $8,200 for his serv-
ices to said trust estate from September, 1897, to
April 17, 1910.    From the decree John C. Outhet, Jr.,
a minor, appealed, and contends that the allowance to
the trustee is excessive.    The trustee has assigned
cross-errors and contends that the evidence shows that

he was entitled to $22,500 as compensation for his services; that the court erred in allowing him only $17,500.

The question as to the compensation which should be allowed the trustee for his services in the care and management of the trust estate is not free from difficulty. The trustee had, under the will, full power to sell or lease the property. The building of the North Western railway station and of the LaSalle hotel on Madison street within a few blocks of the Commercial Building tended to increase the value of that building, but it could not be foreseen with certainty whether the property would increase in value, and it required the exercise of a wise judgment by the trustee to decide whether it was for the interest of the estate to sell the building or lease it for a long term of years, or to grant only short term leases and so secure to the estate the benefit of the increase in value of the property, in case there was an increase.

The trustee is a lawyer of ability and experience, and it is conceded that he acted wisely in deciding not to sell the Commercial building or lease it for a long term of years. He personally acted for the trust estate in some litigated matters, rendering strictly legal services, and no doubt because he was an able and experienced lawyer, it was not necessary for him to retain counsel or subject the estate to the hazard of ill advised proceedings in matters where it would have been proper and necessary for a trustee who was not a lawyer to employ counsel. For strictly legal services we think the trustee is not entitled to an allowance. He was entitled to compensation for his labor, care and responsibility, and we think that in determining what was just compensation the court might take into consideration the fact that he was an able and experienced lawyer. The compensation of a trustee is not determined by any established practice or rule, but in determining such compensation the responsibility incurred, the amount of the estate, the time and labor

properly devoted by the trustee to the discharge of his duties are to be considered. What is reasonable compensation depends largely on the circumstances of each case.

We do not regard it as important or controlling that the master found that the testimony of the witnesses tended to show that the trustee was entitled to $22,500 as compensation for all the services rendered. The question for the master and for the chancellor was, what was the compensation the trustee was entitled to for the services for which he was entitled to compensation from the trust estate? The court and master both found that $17,500 was full compensation for such services. We think that the discretion of the court in so fixing the compensation of the trustee should not be be disturbed, and the decree is affirmed.

*Affirmed.*